## No. 3727.—George J. Keller *v.* Matthew Vernon and Wife.

*Where an appeal in a suit by a creditor of the husband attacking the judgment of his wife against him, parol evidence is held admissible to prove that the husband received funds belonging to the wife, and the case is remanded for the purpose of admitting the same, it can not be excluded on the second trial, on the ground that there is written evidence of the fact.*

APPEAL from the Seventh Judicial District Court, parish of Avoyelles.  *Miller, J.  A. B. Irion,* for plaintiff and appellant.  *Waddill & Barbin,* and *Thomas & Overton,* for defendants and appellees.

Wyly, J.  The plaintiff, a judgment creditor of Matthew Vernon, seeks to annul the judgment of separation of property and for $3600, obtained by his wife against him, and also to set aside the notarial act of transfer of the property by him to her in satisfaction thereof, alleging that said judgment and transfer were fraudulent and collusive, and intended to place the property of his debtor beyond the reach of creditors.

The defendant, Mrs. Vernon, pleads the general issue, avers the legality of the judgment and transfer and pleads the prescription of one, two, three, four and five years.  The court gave judgment for the plaintiff, and the defendant, Mrs. Vernon, appeals.  The case was before this court in February 1871; and the ruling of the court below, rejecting the evidence offered by Mrs. Vernon to prove the validity of the claim, on which was founded her judgment against her husband, was set aside and the cause remanded for the purpose of admitting the proof improperly excluded, and to be proceeded in according to law.  See 23 An. 164.

At the trial on the remandment, the plaintiff again objected to the parol evidence offered to prove that the husband of the appellant received certain moneys from the estate of her mother, on the ground

that the testimony of the witnesses is not the best evidence, because at the time A. R. Parks settled with her and the other heirs, a written act of settlement or partition was passed before a notary public, and that said act is the best evidence of the amount paid each of the several heirs. There is no force in this exception.

Mrs. Vernon is not seeking to prove the contents of the written instrument, nor is she engaged in a contest with her co-heirs as to the terms of the partition of the estate of her mother. She is simply endeavoring to show that her husband received certain paraphernal funds of hers, and for which she had judgment in a controversy with him.

From the evidence we have no doubt of the verity of the claim for which she had judgment against her husband. As to the objection that the property given in payment of her judgment was worth more than the amount thereof, we will remark the allegation is not established by the evidence. The other objections are without weight.

It is therefore ordered that the judgment appealed from be annulled, and that plaintiff's demand be rejected, with costs of both courts.